■ In the Matter of the Dissolution of YUNIS REALTY, INC. TUFFEE J. YUNIS, Respondent; NICHOLAS YUNIS, Appellant.— Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Monserrate, J.), entered April 18, 1990 in Chemung County, which, in a proceeding pursuant to Business Corporation Law article 11, directed respondent to pay a proportionate share of a real property gains tax.

On April 15, 1988, during the course of the voluntary dissolution of Yunis Realty, Inc., the parties' former realty business, petitioner and his brother, respondent, executed a "memorandum of understanding", the preamble of which declares that "[the parties] are desirous of reaching an agreement concerning the reorganization of [the business] and a distribution of its assets between themselves in a fair and just manner according to their respective rights". The agreement referred to the outright sale of one parcel of property and reorganized ownership of the remaining 20-odd parcels previously owned by the business. Additionally, and significantly, it provided that "[a]ny matters not covered by this agreement shall be decided by the court".

After the agreement's execution, a dispute arose as to which party was to satisfy the real property transfer gains tax (Tax Law art 31-B) generated by the transfer of three of the properties. Petitioner acted as transferor for two of these parcels (a shopping center and a trailer park) and respondent acted as transferor for one (a doughnut shop). Supreme Court directed petitioner to pay the entire gains tax on all three parcels at the scheduled November 1989 closing "without prejudice". Thereafter, following a bench trial, the court ordered respondent to contribute one half of the amount of the gains tax attributable to the property transfers occasioned only by the reorganization of the business; this liability amounted to $57,739.16 plus interest.

Respondent suggests on this appeal that he should not be required to reimburse petitioner for any portion of the tax paid on the shopping center and trailer park properties because he was not the "transferor" of these parcels* (see, Tax Law § 1442, as amended by L 1989, ch 61, § 166). It is respondent's contention that the agreement implicitly addressed the

---

* At the trial, respondent's liability for the $13,005.80 gains tax petitioner paid on the doughnut shop property was acknowledged.

issue of who would pay the transfer gains tax because that obligation necessarily flows as a matter of law to the transferor. While it is true that the State generally obligates the transferor to forward payment to the Commissioner of Taxation and Finance, that does not mean, however, that the parties are prohibited from shifting the responsibility for financing the gains tax during negotiations (see, e.g., 20 NYCRR 590.9). Significantly, the agreement in this case is silent on the issue of who shoulders this obligation. Apparently anticipating that the agreement might not have entertained every contingency, the parties expressly agreed to have Supreme Court resolve any noncovered matters. For this reason, and in light of the parties' desire to arrange a distribution of the business assets in a fair and just manner, we cannot say that the court abused its discretion by directing respondent to pay one half of the transfer gains tax attributable to the reorganization.

We are also unpersuaded that the parties' representation to the Internal Revenue Service, made in the course of obtaining a ruling on the tax consequences of the reorganization, that each would cover their own expenses, committed petitioner to finance the entire gains tax. This representation was clearly not intended to effect an allocation of the parties' respective shares of this tax obligation.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr. and Harvey, JJ., concur.